UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARCELES COOLEY,

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No. 2:14-cv-0240 MCE DAD PS

ORDER

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed an unsigned document with the court seeking authorization for a "Frederick Marc Cooley" to act as a "legal assistant in this civil action" on behalf of plaintiff Frederick Marceles Cooley. (Dkt. No. 2.)[1]

Plaintiff is advised that all pleadings and non-evidentiary documents filed with the court must be signed. See Local Rule 131(b). Moreover, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)

---

[1] The relationship between plaintiff "Frederick Marc Cooley" and "Frederick Marceles Cooley" is not explained in plaintiff's filing. In any event, plaintiff cannot be represented by a non-lawyer other than himself.

1

("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Moreover, a non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a).

Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 3.) After review, the court finds that plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

1   The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  FED. R. CIV. P. 8(a).

Here, in his complaint alleges as follows.  On August 12, 2012, plaintiff was standing in front of the residence located at 812 5th Street in Vallejo, CA, when defendant William Badour, an officer with the Vallejo City Police Department, approached plaintiff and fired a Taser at him without warning.  (Compl. (Dkt. No. 1) at 1.)  Plaintiff, who was able to avoid being struck by the Taser, retreated into the residence before eventually exiting, whereupon he was arrested for violating California Penal Code § 148.  (Id. at 1-2.)  The handcuffs defendant Badour applied to plaintiff while arresting him were extremely tight and plaintiff repeatedly requested that they be loosened.  Defendant Badour refused to do so, causing plaintiff extreme pain, numbness and bruising.  (Id.)  Based on these allegations, the complaint alleges that plaintiff "will be seeking damages for Monell claims due to the City of Vallejo['s] longstanding practice, policy or custom of allowing Vallejo Police Officers to use excessive force."  (Id.)

A municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy."[2]  Pursuant to the decision in Monell v. Department of Social Services, 436 U.S. 658, 6994 (1978).  Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

/////

---

[2]  Although named as a defendant in the caption of plaintiff's complaint, the City of Vallejo is not identified as a defendant in the body of that complaint.

3

The Ninth Circuit has "long recognized that a custom or practice can be 'inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Hunter v. County of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting Nadell v. Las Vegas Metro. Police Dep't, 268 F.3d 924, 929 (9th Cir. 2001)). See also Hunter v. County of Sacramento, No. 2:06-cv-0457 GEB EFB, 2013 WL 3968663, at *4 (E.D. Cal. July 31, 2013) ("Likewise, a county custom or practice may be inferred from evidence of repeated, but unreprimanded, constitutional violations.").

A so-called Monell claim, however, must "contain sufficient allegations of underlying facts to give fair notice" and those factual allegations "taken as true must plausibly suggest an entitlement to relief . . . ." AE ex rel Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Staff v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, the Monell claim presented in plaintiff's complaint fails to contain any allegations of underlying facts and simply recites the elements of such a claim. Cf. Howard v. City of Vallejo, No. CIV. S-13-1439 LKK/KJN, 2013 WL 6070494, at *4 (E.D. Cal. Nov. 13, 2013) ("Plaintiff's Monell claim against the City found is supported by his allegations, made on information and belief, that: (1) the City has failed to discipline defendants Greenberg and Kerr for the incident at bar; (2) members of the Vallejo Police Department, including defendants Greenberg and Kerr, have individually and together engaged in a repeated practice of using excessive force against individuals including plaintiff; (3) as a matter of official policy 'rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Vallejo' the City has allowed its citizens to be abused by police officers, including defendants Greenberg and Kerr; (4) City police officers have injured and killed numerous citizens in 2012 and none of the officers involved have been disciplined or retrained; and (5) the City knew/had reason to know about the policies, etc. and the conduct complained of and resulting injuries."); Bass v. City of Fremont, No. C12-4943 TEH, 2013 WL 891090, at *4 (N.D. Cal. Mar. 8, 2013) ("In support of his municipal liability claim, Bass alleges that prior to Bass's arrest, Steckler, the Police Department, and the City had been given notice that Macciola and Alberti were engaged in a pattern and practice of using unnecessary and

excessive force and falsely reporting crimes, and that the municipal entities 'demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary appropriate or adequate measures to prevent the continued perpetuation of this pattern of conduct.' Bass further alleges that the municipal entities failed to adequately train the officers 'in the necessity of having probable cause to detain, arrest or charge a citizen (such as Plaintiff) with a crime or infraction, and to further refrain from discriminating against African American citizens simply by virtue of their ethnicity and/or by virtue of a citizen's right to verbally confront and/or question the performance of a public official.' These allegations are plausible and are sufficient to give the municipal entities notice of the specific policies, customs, and practices that are alleged to have caused the deprivation of Bass's rights; Bass has therefore stated a claim for relief under Monell."); Wise v. Nordell, No. 12-CV-1209 IEG (BGS), 2012 WL 3959263, at *9 (S.D. Cal. Sept. 10, 2012) ("Plaintiffs allege that Nordell acted contrary to county policy and violated their constitutional rights, that he has acted in this manner for years, and that the County has condoned his conduct. Taking these allegations as true, Plaintiffs have sufficiently alleged a claim for municipal liability under Monell."); East v. City of Richmond, No. C 10-2392 SBA, 2010 WL 4580112, at *4 (N.D. Cal. Nov. 3, 2010) ("However, Plaintiff's claim is not predicated solely on Chief Magnus' failure to act in this particular instance. Rather, the FAC alleges that Chief Magnus knew of other, repeated acts of misconduct by Officers Hauschild and Souza, but yet, failed to take any corrective action against these officers. Such allegations are sufficient to state a plausible claim for liability under Monell.").

Moreover, although identified in plaintiff's complaint as a defendant, there are no claims asserted against defendant Badour therein. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S.

1  at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the
2  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

3  Accordingly, for the reasons explained above, plaintiff's complaint will be dismissed for
4  failure to state a cognizable claim.  The undersigned has carefully considered whether plaintiff
5  may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for
6  denying leave to amend include undue delay, bad faith, prejudice, and futility."  California
7  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also
8  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)
9  (holding that while leave to amend shall be freely given, the court does not have to allow futile
10 amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se
11 plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no
12 set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745
13 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also
14 Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint
15 without leave to amend is proper only if it is absolutely clear that the deficiencies of the
16 complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202,
17 1203-04 (9th Cir. 1988)).

18 Here, the court cannot yet say that it appears beyond doubt that leave to amend would be
19 futile.[3]  Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an

---

[3] It appears from the allegations of the complaint that plaintiff may be able to successfully amend to state a cognizable excessive use force claim against defendant Bardour.  To state such a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to the excessive use of force, a complaint must allege that the amount of force used by a police officer was not objectively reasonable in light of the totality of the circumstances facing the officer, taking into account a range of factors to assess the amount of force used and the governmental interests at stake.  See Graham v. Conner, 490 U.S. 386, 396 (1989); Moss v. U.S. Secret Service, 711 F.3d 941, 966 (9th Cir. 2013). "[T]he most important single element" of the Graham framework is "whether the suspect poses an immediate threat to the safety of the officers or others."  Moss, 711 F.3d at 966 (quoting Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir.1994)).  It is also possible that plaintiff may be able to successfully amend his complaint to state a cognizable federal claim for unlawful seizure based upon a false arrest against defendant Bardour.  To state such a claim a complaint must allege facts showing that the defendant "by means of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff.  Graham, 490 U.S. at 395, n. 10

amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

In any amended complaint he elects to file, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Moreover, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

---

(citing Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968) and Brower v. County of lnyo, 489 U.S. 593, 596 (1989)). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 27, 2014, application to proceed in forma pauperis (Dkt. No. 3) is granted.

2. The complaint filed January 27, 2014 (Dkt. No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  April 2, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\cooley0240.ifp.lta.ord.docx

8