1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FREDERICK MARCELES COOLEY,              No.  2:14-cv-0240 MCE DAD PS

12                 Plaintiff,

13         v.                                 ORDER

14    CITY OF VALLEJO, et al.,

15                 Defendants.

16

17         Plaintiff is proceeding in this action pro se.  This matter was, therefore, referred to the

18    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19         In an order dated April 2, 2014, the undersigned granted plaintiff's application to proceed

20    in forma pauperis, dismissed plaintiff's complaint filed January 27, 2014, and granted plaintiff

21    leave to file an amended complaint within twenty-eight days.  (Dkt. No. 4.)  That order also

22    advised plaintiff that his request for authorization for "Frederick Marc Cooley" to act as

23    plaintiff's "legal assistant in this civil action" could not be granted.

24         On April 7, 2014, plaintiff filed a first amended complaint, (Dkt. No. 5), and a motion for

25    reconsideration of the court's April 2, 2014 order.  (Dkt. No. 6.)  Plaintiff's motion for

26    reconsideration asks the court to reconsider "its prior order dismissing [p]laintiff's complaint and

27    issue a new order recognizing [p]laintiff and his 'Legal Assistant' Frederick Marc Cooley are

28    engaging in 'expressive association' protected by [the] First Amendment," and finding that

                                              1

Frederick Marc Cooley "can continue to provide legal assistance to [p]laintiff during the course of this litigation." (Id. at 5.)  Attached to plaintiff's motion for reconsideration is a declaration from Frederick Marc Cooley, ("Marc Cooley"), stating that he is plaintiff's father and that he "currently provide[s] legal assistance to" five other identified plaintiffs who have brought similar actions against the City of Vallejo and officers of the Vallejo Police Department.[1] (Id. at 7-11.) According to Mr. Marc Cooley, this legal assistance "consists of but is not limited to researching case law, rules of court etc. . . . preparing and filing court documents, preparing legal correspondence, assisting in the discovery process . . . assisting during conferences between parties and the court . . . and assisting during any trial or hearing set by the court." (Id. at 8.)

In refusing to explicitly authorize and recognize Marc Cooley as plaintiff's legal assistant, the court did not prohibit plaintiff from receiving informal assistance from his father in prosecuting this action.  Indeed, some of the assistance indicated by Marc Cooley may be permissible, although the court is not ruling on the propriety or value of such informal assistance.

However, as previously stated, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Moreover, a non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual.  Local Rule 183(a).

Accordingly, if plaintiff wishes to prosecute this action it must be plaintiff who represents himself before this court, unless licensed counsel substitutes in on his behalf.  In this regard, all

---

[1]  While there is no indication before the court that plaintiff Frederick Marceles Cooley is a minor, Frederick Marceles Cooley and his father Frederick Marc Cooley are advised that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Moreover, where the plaintiff is a minor, the action cannot proceed without the appointment of a guardian ad litem.  See FED. R. CIV. PRO. 17(c); see also Watson v. County of Santa Clara, 468 F. Supp.2d 1150, 1155 (N.D. Cal. 2007); E.D. Cal. Local Rule 202.

1  pleadings and non-evidentiary documents filed with the court must be signed by plaintiff himself.

2  Moreover, plaintiff must appear at all noticed hearings and neither a non-attorney nor an attorney

3  who has not made a formal appearance in this action will be allowed to speak on plaintiff's

4  behalf.  Finally, the court cannot and will not expressly authorize Marc Cooley, or any other non-

5  attorney, to act as plaintiff's legal assistant.

6       With respect to plaintiff's request that the court reconsider its prior order dismissing

7  plaintiff's complaint, as noted above, plaintiff has now filed an amended complaint.  The

8  amended complaint has superseded the original complaint and the court's review of the amended

9  complaint finds that it is appropriate for service.

10       Accordingly, for the reasons stated above, the court will grant plaintiff's motion for

11  reconsideration.  However, having reconsidered the matter, the court reaffirms its prior order

12  declining to expressly authorize Marc Cooley to act as plaintiff's legal assistant and dismissing

13  plaintiff's original complaint with leave to amend.

14  CONCLUSION

15       IT IS HEREBY ORDERED that:

16          1.  Plaintiff's April 7, 2014 motion for reconsideration (Dkt. No. 6) is granted.

17          2.  Plaintiff's request that the court find that Frederick Marc Cooley can continue

18  to provide legal assistance to the plaintiff during the course of this litigation and that the court

19  order service of the original complaint is denied for the reasons stated above.

20          3.  The Clerk of the Court is directed to issue process and to send plaintiff an

21  instruction sheet for service of process by the United States Marshal, three USM-285 forms, one

22  summons form, and an endorsed copy of plaintiff's amended complaint filed April 7, 2014. (Dkt.

23  No. 5).

24          4.  Within thirty (30) days after this order is served, plaintiff shall submit to the

25  United States Marshal a properly completed USM-285 form, a properly completed summons

26  form, and the number of copies of the endorsed complaint and of this order required by the

27  United States Marshal; the required documents shall be submitted directly to the United States

28  Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street,

3

1    Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

2              5.  Within ten (10) days after submitting the required materials to the United States

3    Marshals Service, plaintiff shall file with this court a declaration stating the date on which he

4    submitted the required documents to the United States Marshal.  Failure to file the declaration in a

5    timely manner may result in an order imposing appropriate sanctions.

6              6.  Within thirty (30) days after receiving the necessary materials from plaintiff,

7    the United States Marshal is directed to serve process on defendants without prepayment of costs.

8              7.  The Clerk of the Court is directed to serve a copy of this order on the United

9    States Marshal.

10   Dated:  April 17, 2014

11

12   _____
     DALE A. DROZD
13   UNITED STATES MAGISTRATE JUDGE

     DAD:6
14   Ddad1\orders.pro se\cooley0240.recon.den.serve.ord.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4