UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY, | No. 2:14-cv-0240 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Pending before the court is defendant City of Vallejo' January 5, 2015 Notice of Request and Request to Seal Documents. (Dkt. Nos. 47 and 48.) Defendant's Request to Seal, seeks not only an order allowing the document labeled FLATER 001 - 003 to be filed with the court under seal but also an order authorizing plaintiff to be precluded from having access to that document which defendant is offering in support of its pending motion for reconsideration of the court's November 17, 2014 order granting plaintiff's motion to compel.

There is a presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). "[A]ccess to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. See In re Midland Nat'l Life Ins. Co., 686 F.3d 1115 (9th Cir. 2012); Kamakana, 447 F.3d at 1172; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

1

1122 (9th Cir. 2003); Phillips, 307 F.3d 1206.  To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing so.  Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons justifying sealing of such documents, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process."  Id. at 1181 (internal citations, quotation marks, and emphasis omitted).  "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id. at 1182 (internal citation, quotation marks, and emphasis omitted).  See also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010), cert. denied Sub nom. Experian Info. Solutions, Inc. v. Pintos, ___ U.S. ___, 131 S. Ct. 900 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely a good cause standard in addressing documents filed in connection with summary judgment motions).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  Id.

On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show only "good cause" for the requested sealing.  Kamakana, 447 F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing Foltz, 331 F.3d at 1138)).  The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong

presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." Phillips, 307 F.3d at 1213 (addressing an intervenor's request to access confidential settlement information produced during discovery under a protective order). See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing the parties' interest in keeping discovery documents under seal in light of the public's lesser interest in nondispositive motions); Kamakana, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1210-11 (citations omitted).

Here, the document defendant seeks to file under seal is being submitted by defendant in support of its motion for reconsideration of an order granting discovery, which is a nondispositive motion. Therefore, the court considers whether the defendant has shown good cause for sealing the documents at issue. Foltz, 331 F.3d at 1135. Upon consideration of defendant's arguments and having reviewed the documents sought to be filed under seal, the court finds that the defendant has not shown that good cause exists for filing the document labeled FLATER 001-003 under seal. In this regard, defendant's request to seal offers only a broad and vague allegation of potential harm posed by the disclosure of the document, unsubstantiated by specific examples or articulated reasoning.

Moreover, a reading of the document sought to be filed under seal reveals that it does not contain information that could be properly characterized as sensitive investigative or personnel information. Instead, the documents merely discuss the City of Vallejo Police Department's records and retention policy, the number of documents that would potentially be required to be produced to plaintiff under the court's order granting the motion to compel and the amount of work and time necessary to prepare those documents for production. In no way can that routine information be accurately characterized as "confidential documents" that "contain sensitive investigation and personnel information" as claimed by defendant. (Dkt. No. 48 at 2.)

Accordingly, for the reasons stated above, it is HEREBY ORDERED AS FOLLOWS:

1. Defendant's January 5, 2015 request to seal is denied;
2. If defendant wishes the court to consider the document labeled "FLATER 001 – 003" in connection with its pending motion for reconsideration, it shall file the document with this court and serve it on plaintiff forthwith.
3. The hearing on defendant's motion for reconsideration is continued from February 13, 2015 to **February 20, 2015** at **10:00 a.m.**
4. Plaintiff is directed to file opposition, if any, to defendant's motion to reconsider by February 6, 2015.[1]
5. Defendant shall file any reply by February 13, 2015.

Dated: January 27, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\cooley0240.req.seal.den.ord.docx

---

[1] The court is aware that plaintiff has already filed opposition to defendant's motion for reconsideration. Plaintiff may elect to file new opposition in light of this order or may stand on his opposition filed January 22, 2015. (Dkt. No. 51.)