UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY, | No. 2:14-cv-0240 DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

On February 20, 2015, the court denied in part and granted in part defendants' motion for reconsideration.[1] (Dkt. No. 56.) That order also directed defendants to file and serve a proposed protective order and provided plaintiff with fourteen days to file any objections to defendants' proposed protective order.

On February 27, 2015, defendants filed a proposed protective order, (Dkt. No. 57), and a proof of service. (Dkt. No. 57-1.) The fourteen-day period has expired and plaintiff did not file any objections to the protective order proposed by defendants.

/////

/////

/////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Dkt. No. 22.)

1

Defendants' proposed protective order reads as follows:

1. In order to protect the confidentiality of the records described below the said records disclosed are subject to a protective order and designated as "Confidential Material" as follows:

    a. Vallejo Police Department Internal Affairs records regarding complaints of excessive force, investigation thereof and official resolution from September 2007 through September 2014 (7 years back from date of request).[2]

    b. Vallejo Police Department Internal Affairs records regarding complaints of excessive force and official resolution of said complaints from September 2004 to September 2007 (years 8-10 back from date of request).

2. Confidential Material may not be disclosed except as set forth in paragraphs 3- 5.

3. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in [3](a);

    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d. Any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e. Any "in house" expert designated by Defendant to testify at trial in this matter;

---

[2] Here, the court has corrected the dates supplied by defendants in their proposed protective order. In this regard, defendants' proposed protective order purports to apply to a 10-year period of time between September of 2005 and September of 2014. (Dkt. No. 57.) The period described by defendant's counsel, however, is a period of only nine years. The error lies in defendants' assertion that the period of "September 2008 through September 2014" is "7 years back from date of request." (Dkt. No. 51 at 1.) That span of time, however, is actually only six years. A seven-year span is September of 2014 to September of 2007. The court has corrected defendants' calculation error and provided the accurate dates.

2

      f.    Witnesses, other than the Plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

      g.    Any neutral evaluator or other designated ADR provider;

      h.    Parties to this action; and

      i.    The jury, should this matter go to trial.

4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order.  Defendants City of Vallejo and the named Defendants herein shall be entitled to retain possession of the original writings described above.  Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen.  Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to Defendants.

6. In the event that either party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal Documents shall refer to this stipulation and protective order.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

(Dkt. No. 57.)

In the absence of any objection from plaintiff, the court adopts defendants' proposed protective order, with the following additions:

9. Upon receipt of this Protective Order and disclosure of the Confidential Material it will be presumed that plaintiff knows of the contents of this Protective Order, understands the provisions of this Protective Order and consents to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.[3]

10. Prior to the release of Confidential Material, defendants shall redact any birth dates, social security numbers, driver's license numbers and home addresses.

---

[3] In this regard, plaintiff need not agree on the record or in writing that he has read the protective order and that he understands the provisions of the protective order. Accordingly, plaintiff is advised to carefully study this order and seek clarification of any issue arising therefrom if necessary.

4

11. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

12. Plaintiff may disclose Confidential Material to one person not otherwise identified in section 3 above, provided that plaintiff deems the disclosure necessary to aid plaintiff's prosecution of this action; AND the person completes the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND attached to this Protective Order as EXHIBIT A; AND plaintiff files a copy of the completed ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND with the Court.

13. Violation of the terms of this Protective Order <u>MAY SUBJECT</u> a party, AND ANY SIGNATORIES WHO VIOLATE THE PROTECTIVE ORDER, to any and all permissible SANCTIONS, including dismissal.

Although plaintiff did not file any objections to defendants' proposed protective order, plaintiff did file a motion for reconsideration of the court's February 20, 2015 order denying in part and granting in part defendants' motion for reconsideration. (Dkt. No. 60.) Plaintiff's motion, however, is based on a misunderstanding of the court's February 20, 2015 order.

In this regard, on November 14, 2014, the court granted plaintiff's motion to compel and ordered defendants to produce responsive documents for the ten year period prior to plaintiff's September 2014 request. (Dkt. No. 38.) In the February 20, 2015 order denying in part and granting in part defendants' motion for reconsideration, the court modified the November 14, 2014 order by ordering defendants to "produce to plaintiff all responsive documents for the prior seven years," and "an *additional three years* of limited responsive documents consisting of any complaints of excessive force and the official resolution of those complaints." (Dkt. No. 56 at 1-2) (emphasis added).

In his motion for reconsideration, plaintiff asserts that he has a "discrepancy with the court's modification of it's (sic) order limiting the city defendant's production in years 2012, 2013, 2014 to complaints and there (sic) results . . . ." (Id. at 2.) However, as is apparent from the court's February 20, 2015 order and defendants' proposed protective order, the court merely modified its prior order with respect to the last three years of the ten-year period – referred to as

5

the "additional three years," i.e., September of 2004 to September of 2007. The court did not limit defendants' obligation with respect to production in response to plaintiff's discovery request as it related to the years 2012, 2013 or 2014.

Plaintiff's March 2, 2015 motion for reconsideration (Dkt. No. 60) is, therefore, denied.

IT IS SO ORDERED.

Dated: April 6, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\cooley0240.prot.ord.docx

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of Frederick Marceles Cooley v. City of Vallejo, et al., No. 2:14-cv-0240 DAD PS. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____