1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FREDERICK MARCELES COOLEY,              No.  2:14-cv-0240 EFB PS (TEMP)

12                  Plaintiff,

13          v.                                 ORDER

14    CITY OF VALLEJO, et al.,

15                  Defendants.

16

17          On April 23, 2015, defendants filed a statement of death of plaintiff Frederick Marceles

18    Cooley.  ECF No. 68.  The matter was thereafter before the previously assigned Magistrate Judge

19    on June 26, 2015, for hearing of a motion for substitution filed by Frederick Marc Cooley, ("Marc

20    Cooley"), the father of plaintiff Frederick Marceles Cooley.[1]  ECF No. 78.  Marc Cooley

21    appeared on his own behalf and attorney Furah Faruqui appeared on behalf of the defendants.

22          Federal Rule of Civil Procedure 25(a) provides that upon the death of a party to the action,

23    a motion for substitution may be made by the decedent's successor or representative within 90

24    days as long as the party's claim is not extinguished.  Fed. R. Civ. P. 25(a).  Here, Title 42 U.S.C.

25    § 1983 does not address the survival of actions upon the death of either the plaintiff or defendant.

26    *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978).  Accordingly, 42 U.S.C. § 1988 directs federal

27    _____

28    [1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to
      28 U.S.C. § 636(c)(1).  ECF No. 18.

1

1  courts to borrow the law of the forum state unless it is inconsistent with the purposes of the

2  federal law.  *Id.*  In this regard, "[a] claim under 42 U.S.C. § 1983 survives the decedent if the

3  claim accrued before the decedent's death, and if state law authorizes a survival action."  *Tatum v.*

4  *City and County of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing 42 U.S.C.

5  § 1988(a)).

6        In California, "a cause of action for or against a person is not lost by reason of the

7  person's death."  Cal. Civ. Proc. Code § 377.20. Rather, "[u]nder California law, if an injury

8  giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's

9  estate." *Tatum*, 441 F.3d at 1094 n.2 (citing Cal. Civ. Proc. Code § 377.30).  "Where there is no

10  personal representative for the estate, the decedent's 'successor in interest' may prosecute the

11  survival action if the person purporting to act as successor in interest satisfies the requirements of

12  California law . . . ." *Id.* (citing Cal. Civ. Proc. Code §§ 377.30, 377.32).  *See also Dillard v.*

13  *Curtis*, No. C 04-1449 PJH, 2004 WL 2496130, at *7 (N.D. Cal. Nov. 3, 2004) ("If there is no

14  personal representative for the estate (e.g., the estate is not probated or probate has been

15  completed), the 'survival' action may be prosecuted by the decedent's 'successor in interest'–the

16  person or persons who succeed, by will or intestacy, to the cause of action or to the particular

17  item of property that is the subject of the action."); *Adams v. Superior Court*, 196 Cal.App.4th 71,

18  78 (2011) ("Survival causes of action are governed by section 377.30, which provides: 'A cause

19  of action that survives the death of the person entitled to commence an action or proceeding

20  passes to the decedent's successor in interest . . . . and an action may be commenced by the

21  decedent's personal representative or, if none, by the decedent's successor in interest.'").

22        Under California law,

23        The person who seeks to . . . continue a pending action or
          proceeding as the decedent's successor in interest under this article,
24        shall execute and file an affidavit or a declaration under penalty of
          perjury under the laws of this state stating all of the following:
25
          (1) The decedent's name.
26
          (2) The date and place of the decedent's death.
27
          (3) "No proceeding is now pending in California for administration
28        of the decedent's estate."

2

1   (4) If the decedent's estate was administered, a copy of the final
2   order showing the distribution of the decedent's cause of action to
    the successor in interest.

3   (5) Either of the following, as appropriate, with facts in support
    thereof:

4
5           (A) "The affiant or declarant is the decedent's successor in
    interest (as defined in Section 377.11 of the California Code of
6   Civil Procedure) and succeeds to the decedent's interest in the
    action or proceeding."

7           (B) "The affiant or declarant is authorized to act on behalf
    of the decedent's successor in interest (as defined in Section 377.11
8   of the California Code of Civil Procedure) with respect to the
    decedent's interest in the action or proceeding."

9
10  (6) "No other person has a superior right to commence the action or
    proceeding or to be substituted for the decedent in the pending
    action or proceeding."

11
12  (7) "The affiant or declarant affirms or declares under penalty of
    perjury under the laws of the State of California that the foregoing
    is true and correct."

13

14  Cal. Civ. Proc. Code § 377.32. *See also Estate of Burkhart v. United States*, No. C 07-5467 PJH,

15  2008 WL 4067429, at *10 (N.D. Cal. Aug. 26, 2008) (same).  "The party seeking to bring a

16  survival action bears the burden of demonstrating that a particular state's law authorizes a

17  survival action and that the plaintiff meets that state's requirements for bringing a survival

18  action."  *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998).

19          Here, Marc Cooley's declaration filed May 28, 2015 asserts that he is plaintiff's

20  "successor in interest" and that Marc Cooley "alone succeed[s] to Frederick Marceles Cooley's

21  interest in this action."  Cooley Decl., ECF No. 72, at 1.  However, Marc Cooley acknowledged at

22  the June 26, 2015 hearing that plaintiff died without a will and with a surviving issue.  Because it

23  appears that plaintiff died without a will and with a surviving issue, plaintiff's surviving issue is

24  the "proper successor in interest."  *Cooley v. City of Vallejo*, No. 2:14-cv-0620 TLN KJN PS,

25  2015 WL 5920790, at *2 (E.D. Cal. Oct. 8, 2015).

26  /////

27  /////

28  /////

3

1    Accordingly, Marc Cooley has failed to satisfy his burden of demonstrating that he meets

2    that state's requirements for bringing a survival action.[2]  *See Cotta v. County of Kings*, 79

3    F.Supp.3d 1148, 1159 (E.D. Cal. 2015) ("Under California Probate Code § 6402(a), if an

4    individual dies intestate without a surviving spouse or domestic partner, the decedent's estate

5    passes to 'the issue of the decedent.'  Thus, because Decedent died intestate, the parties do not

6    dispute that his children, Madison and Kaylianna, are his successors in interest."); *Walker v.*

7    *Fresno Police Dept.*, No. 1:09-cv-1037 OWW GSA, 2010 WL 582084, at *6 (E.D. Cal. Feb. 11,

8    2010) (granting motion to dismiss mother's survival claim because "decedent has at least two

9    living children").

10    However, because an attempt to substitute has been made during the 90-day period the

11    court will exercise its discretion and grant a 60-day extension of time to allow the proper party to

12    move for substitution.[3]

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  Marc Cooley's May 28, 2015 motion for substitution, ECF No. 71, is denied;

15    2.  Marc Cooley's May 28, 2015 application for reconsideration, ECF No. 74, is denied;

16    3.  A 60-day extension of time is granted; and

17    /////

18    /////

19    /////

20    /////

21    /////

22
23    [2]  The court will, therefore, also deny Marc Cooley's May 28, 2015 application for
reconsideration without prejudice.

24    [3]  The court notes that to the extent a minor may be involved, a minor cannot bring an
action except through a guardian ad litem and with retained counsel.  *See Johns v. County of San*
25    *Diego*, 114 F.3d 874, 877 (9th Cir.1997) ("[W]e hold that a parent or guardian cannot bring an
action on behalf of a minor child without retaining a lawyer."); *Estate of Laffoon v. Christianson*,
26    2011 WL 1743645, at *1 (E.D. Cal. Feb. 22, 2011) ("[A] non-attorney parent or guardian cannot
bring a lawsuit in federal court on behalf of a minor or incompetent without retaining a lawyer.
27    This is so because the minor's right to trained legal assistance is greater than the parent's right to
appear pro se.").
28

4

1   4.  The Clerk of Court shall serve a copy of this order on Jenifer Johnson at 29 Frey Place,

2 Vallejo, CA 94590.[4]

3 DATED:  November 23, 2015.

4             EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE

---

[4]  The court takes judicial notice of *Frederick Marceles Cooley v. City of Vallejo, et al.*, No. 2:14-cv-0620 TLN KJN PS, in which Jenifer Johnson filed objections asserting that she was the mother of plaintiff's minor child and had not been served with notice of plaintiff's death.